## SIRMANS v. MILLTOWN LUMBER COMPANY.

1. A warranty deed conveying land and its appurtenances described the land and contained the following recital: "It is expressly understood that the sawmill privileges is sold from fourteen inches up." There was aliunde evidence that the grantor had previously conveyed the timber on the land to another person, for sawmill purposes. *Held*, that this recital merely gave notice to the second purchaser that the sawmill privileges described had been sold, but did not operate to reserve 'to the grantor, as against the second grantee or those holding under him, any interest in or right in respect to the timber. The second conveyance carried all rights left in the grantor; and if, under the terms of the first grant, the right of the grantee therein terminated before he had cut all of the timber which he had a right to cut, what remained did not revert to the original grantor, but to his second grantee, or one succeeding to his rights. In such a case the original grantor had no right or interest which he could convey to a third grantee.

2. Where, under the facts stated in the preceding headnotes, the third grantee sought, by equitable petition, to enjoin one, who held under the second grantee from the common grantor, from cutting timber on the land, claiming that the right of the first grantee had expired and that there had been a reversion to the common grantor, which passed to the third grantee, there was no error in refusing to grant an interlocutory injunction.

Submitted July 4, 1907.—Decided February 7, 1908.

Petition for injunction. Before Judge Mitchell. Berrien superior court. March 11, 1907.

*W. G. Harrison,* for plaintiff.

*Cranford & Wilcox* and *Alexander & Gary,* for defendant.

ATKINSON, J. The plaintiff claims under a deed from J. W. Smith. It was shown that at the time of the execution of the deed under which the plaintiff claims, he had notice of a prior deed executed by his grantor to Moses G. Sirmans, through whom the defendant claims. The prior deed was an ordinary warranty deed conveying land, but reciting: "It is especially understood that the sawmill privileges is sold from fourteen inches up." This recital does not suggest an intention to reserve any interest. Whatever may be said of the effect of the recital upon the subject of notice to the grantee that a sale of the timber had been made to some one else, it does not purport to reserve to the grantor the timber or any reversionary interest therein. The timber is a part of the land (see *Corbin* v. *Durden,* 126 *Ga.* 429 (55 S. E. 30)); and a conveyance of the land, without any reservation, conveys the timber growing thereon. By resorting to the deed as a whole

to ascertain the intention of the parties, the deed should be construed as conveying to the grantee, Moses R. Sirmans, the entire property, subject only to the rights of the vendee of the timber, of which the recital gave notice. Any reversionary interest in the timber, after the exhaustion of all rights of the prior vendee, would inure to the benefit of Moses R. Sirmans and those holding under him, and not to the grantor, Smith. Giving this deed this construction, the plaintiff's grantor, Smith, by force thereof, had parted with all interest in the timber; and his subsequent conveyance to the plaintiff, which is relied upon as a source of title to support the petition for injunction, conveyed nothing, for the manifest reason that the plaintiff knew of the prior conveyance and Smith could not convey that which did not belong to him. There was nothing to impeach the prior deed, and the plaintiff showed no title upon which to rely for injunction.

*Judgment affirmed. All the Justices concur, except Holden, J., who did not preside.*