### HOUSTON et al. v. CHATTAHOOCHEE LUMBER COMPANY.

ATKINSON, J. 1. A provision in a lease of timber: "should the parties of the second part, their successors, heirs, or assigns, desire a continuance of this lease for a further period of five years after the expiration thereof, they shall inform in writing the party of the first part at least six months prior to expiration of said lease of that fact; whereupon the party of the first part obligates himself by signature below to grant said extension," is a stipulation for mere extension of the time of the enjoyment of the lease, in contradistinction from an agreement to execute a renewal of the contract, and will become binding without further consideration or stipulation, upon notice being given as therein specified. 18 Am. & Eng. Enc. Law (2d ed.), 693-695; *Hamby & Toomer* v. *Georgia Iron & Coal Co.*, 127 *Ga.* 792 (56 S. E. 1033); *Kerr* v. *Black*, 137 *Ga.* 832 (74 S. E. 535); *Walker* v. *Wadley*, 124 *Ga.* 275 (52 S. E. 904).

2. Where a lease is so executed, and is duly recorded, subsequent purchasers from the lessor will take subject to the right of the lessee, or his assigns, to give the notice and bring about an extension of the time of the contract.

3. In an action for injunction by such subsequent purchasers, heard upon an agreed statement of facts, where it appeared that the defendant, an assignee of such lease duly recorded, as mentioned in the preceding notes, gave written notice to the lessor, eleven months before expiration of the term, of his desire to extend the time of the lease, and such extended time had not expired, it was not error to refuse the injunction.       *Judgment affirmed. All the Justices concur.*

DECEMBER 12, 1912.

Petition for injunction. Before Judge Frank Park. Decatur superior court. September 18, 1912.

*W. I. Geer,* for plaintiffs. *Bush & Stapleton,* for defendant.