# CHARLESTON.

WILSON v. BUFFALO COLLIERIES CO. *et al.*

Submitted November 14, 1916.    Decided November 21, 1916.

1. LOGS AND LOGGING—*Conveyance—Construction.*

An instrument under seal, designating itself a conveyance, reciting sale of the timber on a tract of land, to the party of the second part, for an adequate consideration, and conveying the same to him, without words of limitation, together with the privilege of using the land for purposes of severance, manufacture and removal thereof, for and during a period of three years, to which provision there is added ·a clause saying the grantee is to have three years in which to remove the timber and longer, on payment of $50.00 for each additional year, passes the fee simple title to the timber.; the clauses pertaining to privileges and compensation being construed to be covenants, not conditions subsequent.   (p. 280).

2. SAME—*Conveyance—Construction—Title—*·*"Deed."*

A sealed contract reciting a sale and conveyance of timber, for a nominal consideration, but not formally granting or conveying the same, and containing covenants on the part of the party of the second part to sever, manufacture and remove the timber, and pay for it at certain prices, as they manufacture it into lumber, is not a deed and does not pass the legal title to the timber.   (p. 280).

3. TAXATION—*Timber Land—Forfeiture.*

Forfeiture of the title to the timber on a tract of land, for nonentry on the land books for taxation, cannot be predicated on mere severance of the title to the timber from · the land and lapse of time, without a separate entry of the timber on the land books, since presumptively the land and timber were taxed together as one, when the severance occurred, and have since been so carried on the land books and taxed.   (p. 283).

4. LOGS AND LOGGING—*Timber Tract—Compensation.*

 Stipulated compensation for the use of land for standing timber and severance and removal thereof, belongs to the owner of the surface, in the absence of any other specific disposition thereof. (p. 283).

Error to Circuit Court, Mingo County.

Actions of ejectment by J. W. Wilson against the Buffalo Collieries Company and others. Judgment for defendants, and plaintiff brings error.

*Reversed and remanded for new trial.*

*Goodykoontz & Scherr,* for plaintiff in error.

*Wade H. Bronson* and *S. D. Stokes,* for defendants in error.

POFFENBARGER, JUDGE:

This writ of error is to a judgment for the defendant, in an action of ejectment for the recovery of standing timber on a certain tract of land, rendered on a verdict found for the defendant by direction of the court.

Appropriateness of the remedy invoked by the plaintiff is challenged on the ground of lack of title to such an interest in real estate as legally warrants employment thereof. The statute permits the use of the remedy to any person claiming real estate in fee or for life, or for years, either as heir, devisee, or purchaser or otherwise. Code, ch. 90, sec. 2. If the contract under which the plaintiff claims creates in his favor only a licence or privilege, respecting the land and the timber thereon, and does not vest in him any interest or estate in the land or timber, ejectment does not lie. *Chapman* v. *Coal & Coke Co.,* 54 W. Va. 193; *Witten* v. *St. Clare,* 27 W. Va. 770; *Suttle* v. *Railroad Co.,* 76 W. Va. 284.

Though not in form a deed, the contract under which Wilson claims, sells and conveys to him, his heirs and assigns, all the timber eighteen inches in diameter and above, on a certain tract of land therein described, together with full right and privilege, for and during the period of three years, to enter upon the land and pass and repass over the same at will, on foot, or with conveyances, in the cutting and removal of the

timber, and to construct and operate necessary roads and tramways over and upon the same. It contains a clause forfeiting the right granted, in case of failure to pay $1,250.00 for the timber, within sixty days from the date thereof. By another clause, it was covenanted that a tenant of the party of the first part should vacate the premises, on the payment of the sum of $1,250.00 by the plaintiff, and that the plaintiff should have the use of the house so to be vacated, at a rental of $125.00, for one year and longer if they should be able to agree on the price. It was further stipulated and agreed that the plaintiff should have three years in which to remove the timber from the land and "Longer if the party of the second part will pay to the party of the first part fifty ($50.00) dollars for each additional year." A further provision was that the party of the second part should be allowed to build houses on the land, for the accommodation of his working men engaged in the cutting and manufacture of the timber, to set his mill at any place on the premises he might select and to have additional ground for a lumber yard. This optional contract seems to have been consummated by payment of the $1,250.00.

The paper designates itself as a "conveyance," not a deed. It contains neither a habendum nor a warranty clause, but, in most other respects, it adopts the formality and order of a deed. After the recital of a consideration and reciprocal sale of the timber, it conveys the timber and other rights and privileges above specified, and there is no language in it, indicative of purpose to execute any additional papers for consummation of the final and ultimate intention of the parties. In other words, nothing on its face imports intention to make an executory contract to be consummated by a deed. In the conditional or forfeiture clause, it calls itself a contract, but a deed is a contract, and a defeasance is not inconsistent with intent to vest title upon a condition subsequent. The word "conveys" sufficiently expresses intention to pass title. It is now held to be the equivalent of the word "grant." *Uhl* v. *Ohio River R. Co.*, 51 W. Va. 106, 114; *Chapman* v. *Carter*, 46 W. Va. 769. To make an instrument a deed, no particular formality is necessary. The intention expressed controls. If

the instrument reveals intention to pass title and is sealed and is executed and delivered by a grantor to a grantee, named or sufficiently indicated, it is a deed. *Parsons* v. *Baltimore & Ohio R. Co.*, 44 W. Va. 335; Devlin, Deeds, sec. 174. Hence, if the right conferred by it is an estate or interest in land, such as the statute allows to pass only by deed or will, there is no lack of requisite documentary evidence of title.

The grant made by Wilson cannot be differentiated from the one construed in *Keystone* v. *Brooks,* 65 W. Va. 512, upon any substantial ground. There is no time limit in the granting clause. Being absolute and for a consideration paid, it cannot be cut down by mere inference arising from a stipulation as to the time of severance and removal, or an additional grant of rights of way and other privileges on the land, for severance and removal. The granting clause is clear, complete and unlimited as to the timber. The limitation is upon the removal privileges granted, not on the grant of the timber. A stipulation several paragraphs removed from the granting clause, seems clearly to have had for its purpose a guaranty of compensation for use of the land, in the work of severance and removal after three years. It shows the purpose of the limitation on the privileges. Nowhere is there a clause of forfeiture of title for non-payment of such compensation or delay in severance and removal. Nor is there an express covenant to remove the timber within any stated period of time. The function of the clause relied upon as being a limitation of the grant, is defined by Judge BRANNON in the case cited, in the following very convincing language: "In place and sense it belongs to the clause giving right to occupy the land. It has a function to perform in that clause. It is needed there. It serves only to limit the period during which no charge was to be made for the use of the land. It is no covenant by Barricklow. There is no express covenant by Barricklow to remove the timber at any time. The most we could say as to this is, that the deed contemplates a removal, and that thus a covenant to remove is implied. Likely so. But it is only a *covenant*, not a time limit, not a condition operating as a forfeiture. It would only demand re-

moval in a reasonable time. Delay unreasonable might be the subject of action for breach, or the cause of some legal procedure. We say not as to this; but we do say it does not work a loss of Barricklow's vested title. In *Zimmerman* v. *Duffin,* 149 Ala. 380 (123 Am. St. R. p. 65), where there was a time limit, the court said that if the intent was that at the close of the limit the failure to remove should work a reverter, it would have been easy to have said so; but that on the face of the instrument it was, at least, a question of doubt whether the limitation was a condition subsequent, or a covenant, not operating as a clause of forfeiture, citing cases so holding. There we see that 'if it be doubtful whether a clause imports a condition or a covenant the latter construction will be adopted.' If such the case where there is a time limit, how much more so where there is none, and the only covenant is one to be implied. It is a mere covenant. So the construction of the deed does not give it a time limit for removal of the timber, so as to give the Keystone Company any timber, whether standing, or in felled trees or logs. Without such limit or some forfeiture clause, the title thereto remains in Brooks. The law does not imply such limit or condition. *Ludwick L. Co.* v. *Taylor,* 123 Am. St. R., p. 805.''

On the merits of the case, it is contended that the plaintiff has lost, by forfeiture, the right vested in him by the contract. More than ten years elapsed between the date of his contract and the institution of this action, and it is claimed he has not paid the $50.00 payments required, after expiration of the three year period. He has made such payments, but the defendant claims they were not made to the party entitled to receive them. Commencing June 2, 1909, he paid to one Vicie Collins, from time to time various amounts sufficient to cover the required payments of $50.00, up to the date of the institution of this action. The contention of the defendant is, that, to avail anything, the payments should have been made either to it or to Elizabeth Deskins. The validity of the respective claims depends upon the following facts pertaining to the title and rights involved. In her own right and as guardian for certain infants, Elizabeth Deskins executed the deed under which the plaintiff claims, bearing

date February 13, 1905. On May 9th. of the same year, she executed a lease of the tract of land to the Buffalo Collieries Co., for coal mining purposes, giving it the right to use so much of the surface of the land and of the timber, stone, sand and water thereon as might be necessary for mining, coking, manufacturing and building purposes, but reserving all the timber over eighteen inches in diameter and such smaller timber as might be needed for repair of buildings, fences and farming implements. By another contract dated July 13, 1905, she sold to the Buffalo Collieries Co., all of the timber on the tract of land below what was known as the Winifrede seam of coal, under eighteen inches in diameter three feet from the ground. By a deed dated, June 17, 1907, she conveyed the tract of land to Vicie Collins wife of Martin Collins, making the conveyance expressly subject to the rights granted to J. W. Wilson, the plaintiff herein, and to the Buffalo Collieries Co., and inserting this clause in the deed: "The rights and privileges granted unto the said Buffalo Collieries Co. and to the said J. W. Wilson in said lease and contract is expressly reserved from the operation of this deed." By a deed dated, April 4, 1908, and reciting the intention of the parties to the deed of June 17, 1907, to have been a conveyance of only the surface of the tract of land not the mineral rights therein, nor anything more than the surface, Vicie Collins re-conveyed to Elizabeth Deskins what had been unintentionally conveyed to her, in the following terms: "The said Vicie Collins and Martin Collins, her husband, do hereby quit claim, release and grant unto the said Elizabeth M. Deskins any and all of their rights in and to the said tract of land in the said deed described in so far as it may have conveyed anything more than the surface of the said land and small timber." Elizabeth Deskins joined Laura Smith and her husband in a deed dated, June 25, 1909, conveying an undivided one-fourth interest in and to the coal in, on and underlying the tract of land, in consideration of the sum of $10,000.00 paid and to be paid to the said Laura Smith. That deed recites that Elizabeth Deskins joined in it for the purpose of granting, conveying and releasing, and says she does thereby grant, convey and release: "All right, title, in-

terest, and privileges, whether legal or equitable or otherwise,'' to which she might be entitled ''in and to the property'' thereby conveyed. She and others seem to have conveyed the same land to J. M. Smith, by a deed dated, July 14, 1913, and Smith seems to have conveyed it to T. C. Berger, trustee, by a deed dated, September 25, 1913. Berger seems to have conveyed it to the Buffalo Collieries Co., by a deed dated, October 15, 1914.

That Mrs. Deskins reserved nothing to herself by the clause in her deed to Vicie Collins above quoted, is perfectly obvious. Though she used the word ''reserved,'' the context clearly proves she meant merely to except from the operation of the deed, the rights she had granted away. Things she had parted with and could not reserve, constituted the subject matter of her language. It being logically and physically impossible to reserve them, she must have intended, by what she said, to except them and nothing more, for the terms of the clause do not extend beyond them, in any sense. But she excepted what she had conveyed to Wilson, the title to the standing timber eighteen inches and over in diameter. Vicie Collins' deed of April 4, 1908, did not reconvey that, because she never got it by the deed to her. Neither did subsequent conveyances pass it to the defendant company.

As owner of the surface, Vicie Collins was entitled to the compensation paid her for the use thereof contemplated by the deed. Such use being in no sense a burden upon the mineral owned by the defendant, nor connected with it, there is no reason why it should accompany the grant thereof, rather than the grant of the surface. None of the conveyances mention it or deal with it in specific terms or by necessary inference. Vicie Collins reconveyed the land. The rental was not land. It was a mere right to money arising out of a burden upon, and use of, the surface conveyed to her and retained by her.

The circuit court seems to have based its direction of a verdict for the defendant upon a supposed forfeiture to the state for non-entry of the timber on the land books for taxation and resultant loss of title by Wilson. Proof that it had not been so entered separately from the land in Wilson's name

was admitted. It was not shown, however, that the land had not been taxed, nor that, for the purposes of taxation, the timber had ever been separated from the surface on the land books. If objection to this evidence had been made, it would have been the duty of the court to strike it out, but it proves nothing relevant or material. No forfeiture can be predicated on such evidence. Presumptively, the timber was included in the entry of the land. *Sult* v. *Hochstetter Oil Co.*, 63 W. Va. 317; *Wallace* v. *Elm Grove etc. Co.*, 58 W. Va. 449.

The next contention is, that Wilson conveyed his title to H. W. MacConnell and M. L. Swett, by a contract dated, March 30, 1905. This contract is under seal and recites a sale and conveyance of the timber, in consideration of $500.00 but does not in terms convey or grant it. This is followed by numerous stipulations binding MacConnell and Swett to cut the timber and manufacture it into lumber and pay for it at certain prices per thousand feet, the minimum monthly payments to be not less than $100.00, certain months excepted. All of its provisions considered, this contract is obviously executory, not passing title to the timber, until severed and manufactured. It cannot well be assumed that Wilson intended to part with his title, on the mere covenants of the contract. MacConnell and Swett broke up and abandoned it. In real substance and effect, it was clearly executory, wherefore it cannot be regarded as a deed passing title. *Mineral Co.* v. *James,* 97 Va. 403; *Weinrich* v. *Wolf,* 24 W. Va. 299.

These conclusions make apparent the error in the direction of the verdict. The judgment must be reversed, the verdict set aside and the cause remanded for a new trial.

*Reversed and remanded for new trial.*