# CHARLESTON.

## STATE v. GUFFEY *et als.*

### Submitted April 30, 1918. Decided May 7, 1918.

1. TAXATION—*Forfeited Lands—Suit to Sell—Allegation of Bill.*

   In a bill by the state to sell as forfeited for non-entry on the land book for five successive years, undivided interests or estates in oil and gas under various tracts of land, it is not sufficient to merely allege, that upon the segregation of such undivided estates they were not thereafter entered on the land books, the presumption being that when the whole of such segregated estates have not been separately valued and entered for taxation, they have continued to be entered and valued along with the other estate or estates in the land as an entirety, and the bill should contain allegations sufficient to overcome this presumption; and the fact alleged that the tracts out of which such undivided interests were reserved or granted were entered on the land books as "surface" and that the said mineral estates were not subsequently valued or entered or taxed are not sufficient to overcome the presumption that they continued to be entered and taxed as before severance. (p. 464).

2. SAME—*Valuation and Entry—Undivided Interests in Timber and Minerals—Statute.*

   Section 39, chapter 29, Barnes' Code, properly construed with reference to other provisions of the Code, does not require or authorize the valuation and entry on the land books for taxation, of undivided interests in timber, coal, oil and gas, or other minerals or mineral substances; only the whole of such estates or interests may be separately entered and taxed to the owner or owners thereof. (p. 465).

Certified Questions from Circuit Court, Barbour County.

Suit by the State of West Virginia against J. M. Guffey and others. Demurrers to bill overruled and questions certified.

*Reversed and remanded.*

*J. Blackburn Ware,* for the State.

*Talbott & Compton,* for defendants Woodford Heirs and others.

*Chas. Powell* and *Kemble White,* for defendant Hope Natural Gas Co.

MILLER, JUDGE:

This suit was instituted by the commissioner of school lands of Barbour County to sell for the benefit of the school fund lands and interests in lands alleged to have been forfeited to the state for non-entry on the land books for taxation for five successive years, or delinquent and sold and purchased by the state for non payment of the taxes assessed thereon, and not redeemed within the time allowed by law.

The questions certified for decision are presented by the demurrers to the bill of some of the defendants, overruled, who are alleged to have been owners of undivided interests in the oil and gas in or under certain tracts of land situated in said county, and proceeded against as tracts Nos. 36, 38, 39, 41, 42, and 43.

According to the specific allegations of the bill the whole of the estates in these lands was originally owned by one or more persons and taxed as such in their names respectively, but that prior to their alleged forfeiture undivided interests in the oil and gas were by deeds either reserved or sold, and that these undivided interests had by subsequent conveyances and reservations become vested in the demurrants, and that according to the deeds referred to and described in the bill, with perhaps one exception, the owners of the other estates and interests in the land continued to be owners of and presumptively taxed with the whole of the estates therein, including the oil and gas.

As these allegations apply generally to all undivided interests in the tracts so proceeded against, in stating the case we need not go into details as to each particular tract, or recite how the present owners derived their respective interests therein.

The allegations of the bill, applicable to the undivided interests in all these tracts, relied on to show forfeiture for

non-entry thereof on the land books 'is, that subsequently to said reservations or grants they were never entered as separate estates either jointly with the owners of the other undivided interests therein, or severally, and that at least after the year 1910, the residue of the tracts were entered by the assessor on the land books in the names of the owners thereof respectively as ''surface'', except as to 22 acres, part of tract No. 36, in the name of one Gall, which, from the year 1910 to 1916, both inclusive, was entered ''surface and one-half the oil and gas'', wherefore, as a conclusion from these entries it is alleged the same had become forfeited to the state, and were liable to be sold in the present suit.

So the question presented is, does the bill on demurrer show forfeiture for non-entry, entitling the state to sell, or requiring the owner or owners of said undivided interests to redeem the same?

It is not alleged that after said reservations or grants either the assessor, as the law would seem to require, ever valued said oil and gas interests for taxation, or that there was thereafter any reduction in the value of the land as entered before the severance of said undivided interests, or that the said interests had then any value for taxation beyond the value of the whole estate in the land; nor that the value of the land taxed as ''surface'' did not include the oil and gas and other mineral interests therein. With the exception noted, the owners of these tracts, entered as ''surface'', for all the years for which forfeiture is claimed, continued to own undivided interests in the oil and gas, and presumptively the value of their interests therein was included in the valuation of the land entered as ''surface'', and certainly the general allegation that these oil and gas interests or estates were not subsequently taxed will not overcome the presumption that said undivided interests continued charged to the owners of the estates entered as ''surface.''

It is well settled by prior decisions construing statutes prior to chapter 35, Acts of 1905, relating to the subject, that while the whole of any estates in land, whether surface, timber, coal, oil or gas, after severance, may be the subject of separate assessment, that separate assessments or sale for

taxes of undivided interests therein are absolutely void. *Wilson* v. *Buffalo Collieries Co.,* 79 W. Va. 279; *Toothman* v. *Courtney,* 62 W. Va. 167; *Sult* v. *Hochstetter Oil Co.,* 63 W. Va. 317; *Caretta Railway Co.* v. *Fisher,* 74 W. Va. 115; *Shrewsbury* v. *Horse Creek Coal Land Co.,* 78 W. Va. 182.

And according to these decisions presumptively when there has been no separate assessment of estates in timber, coal, oil, gas or other interests in land, without a different showing, they are deemed to have been included in the entry of the land. As is said in *Sult* v. *Hochstetter Oil Co.:* "Taxation in the name of any person claiming the land in whole or in part under any given title prevents forfeiture, not only as to him and the portion of the land claimed by him, but as to all the land so taxed and all persons claiming the same or any part thereof under the same title."

As the law was prior to 1905, therefore, in the absence of any allegation that the value of these undivided interests in the oil and gas separately owned were not included in the lands entered as "surface", we think the bill is insufficient for not more specifically negativing the presumption that they were so included.

The fact that the other undivided interests in the oil and gas continued to be owned by the persons in whose names the lands were taxed as "surface", coupled with the fact that assessments of undivided interests in such estates were not lawful, overcomes we think the inference sought to be drawn from the alleged absence of separate valuation and entry thereof on the land books.

But the contention on behalf of the state is that section 39, of chapter 29, of the Code, enacted by chapter 35, Acts 1905, which stands in the place of section 25, chapter 29, Code of 1899, was intended to remove the disability of the earlier statute, and that as amended by the later act the assessor is now not only permitted, but when there has been a segregation of interests or estates in land, that it is his bounden duty to value and enter on the land books in the name of the respective owners thereof the whole, if owned by one person, or if divided, in the name of the owners of the undivided interests or estates, whether in the timber, coal,

82 W. Va.

oil, gas, or other minerals or mineral substances, at their true and actual value according to the rule prescribed in section twelve of said chapter. While this chapter now provides for annual valuations of lands and landed interests or estates therein and the assessor on a segregation of any of said estate is required to assess such severed estates to the owners thereof, and therein is not now limited as formerly to an apportionment of former valuations of the whole between the estates so segregated, there is nothing in the act of 1905, even impliedly sanctioning the assessment of undivided interests in such segregated estates. The statute contemplates the whole of any estate, not undivided interests therein. As was said in *Toothman* v. *Courtney, supra,* applicable of course to the statutes then in force, principles of public policy would seem to forbid any such construction. The same reasons are now available against giving the present statute the construction contended for by the commissioner of school lands. If an undivided interest in such estate is assessable to the owner thereof, then there would be no limit to the size or extent of such interests—all would have to be separately valued and assessed, which would lead to endless confusion, and burden and encumber titles beyond measure. We think the statute contemplates whole estates; and that in view of the decisions of this court construing the previous statutes, if the legislature had intended that undivided estates should be separately assessed we assume that it would have said so in plain terms.

Of course if the whole estate in the oil and gas or other mineral has once been separately assessed as provided by said section 39, of chapter 29, and the same or any part thereof is thereafter omitted from the land books for the requisite period, upon the principles of our decisions, the whole, not some undivided interest therein, would become forfeited for non entry and non payment of taxes, unless it could be shown that the part entered, in fact, included the whole, but by mistake was erroneously entered as an undivided interest.

For the foregoing reasons we are of opinion to reverse the decree, with direction to sustain the demurrers of the respective demurrants, but with leave to plaintiff, if so advised,

to amend its bill within a reasonable time to be prescribed by the court, and if not so amended to dismiss said demurrants out of the suit.

*Reversed and remanded.*