allotted to the plaintiffs, the result would likely have been sustained.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial, with direction that the children of Addie Palmer be made parties, and with leave to the plaintiffs if so advised, to amend the complaint by appropriate allegations to confirm the parol partition.

---

## 11038

### UNITED TIMBER CORPORATION v. CHAPMAN *ET AL.*

(114 S. E., 320)

LOGS AND LOGGING—OWNER OF LAND AT TIME OF RENEWAL OF TIMBER RIGHTS HELD ENTITLED TO RENEWAL MONEYS.—Where the owner of land conveyed the timber rights for ten years, with the right to a renewal period of five years by paying interest on the original purchase price, and thereafter sold the land to another, and the timber deed did not stipulate to whom the renewal consideration should be paid, and the land deed did not reserve the right to collect the renewal money, the owner of the land at the time of the renewal was entitled to the renewal money.

Before SHIPP, J., Florence. January, 1922. Affirmed.

Action by United Timber Corporation against J. H. Chapman and T. Preston Allison. From judgment in favor of defendant Allison, the defendant Chapman appeals.

The following is the Circuit Decree:

This case came before me at my chambers at Florence, S. C., on January 31, 1922. It is an action to determine the ownership of a fund of $750 paid for the extension of time to remove timber on certain land formerly in Williamsburg County, now in Florence County, S. C., under the terms of a timber deed from the defendant J. H. Chapman to Alberta Timber Company, hereinafter referred to. The facts, which are agreed to, are substantially as follows:

The defendant J. H. Chapman by his deed dated the 23d day of September, 1901, sold and conveyed to Atlantic

Coast Lumber Company the timber on certain lands then in Williamsburg County, which included the lands described in the complaint in this action, and thereafter Atlantic Coast Lumber Corporation acquired the property of Atlantic Coast Lumber Company, including said timber. The deed contained the following provision:

"That the said second party, its successors or assigns, shall have, and the same is hereby granted to it or them, the period of five (5) years, beginning from the time that the said second party, its successors or assigns begins the cutting and removing of the aforesaid timber from the tract or tracts of land above described in which to cut and remove the said timber from the said land, and that in case the said timber is not cut and removed before the expiration of said period, then that the said second party, its successors or assigns, shall have such additional time therefor as it or they may desire, but in the last-mentioned event. the said second party, its successors or assigns, shall during the extended period, pay interest on the original purchase price above mentioned year by year in advance at the rate of six per cent. per annum. All the covenants, stipulations and agreements herein assumed or undertaken by either party to this contract shall be binding upon their respective heirs, executors, administrators, successors or assigns, and all benefits and advantages herein provided for either of the said parties shall accrue to their respective heirs, executors, administrators, successors or assigns, as the case may be."

Thereafter, on the 30th day of May, 1911, the defendant J. H. Chapman sold and conveyed to Alberta Timber Company, a subsidiary of Atlantic Coast Lumber Corporation, the timber on the lands described in the complaint, by a deed containing the following provision: "Second. That the said second party, its successors or assigns, shall have, and the same is hereby granted to it or them, the period of 10 years, beginning from the date hereof, in

which to cut and remove the said timber from the said land, and in case the said timber is not cut and removed before the expiration of said period, then that the said second party, its successors or assigns, shall have five years' additional time, but, in the last-mentioned event, the said second party, its successors or assigns, shall, during the extended period, pay interest on the original purchase price above mentioned, year by year in advance, at the rate of 6 per cent. per annum."

Subsequently, on May 28, 1912, the defendant, J. H. Chapman, conveyed to Fred B. Stem the lands described in the complaint, by a deed containing the following clause immediately after the description of the land: "Together with all and singular, the rights, members, hereditaments and appurtenances to the said premises belonging, or in any wise incident or appertaining, excepting such timber as has been sold to the A. C. L. Corporation."

The plaintiff, United Timber Corporation, has acquired, and now owns, the timber sold by the defendant J. H. Chapman to Alberta Timber Company, and the defendant T. Preston Allison has acquired and owns the land described in the complaint, on which the said timber stands. Atlantic Coast Lumber Corporation owns any and all timber and rights, if any, that exist under and by virtue of the aforesaid deed from the defendant Chapman to Atlantic Coast Lumber Company.

The plaintiff, United Timber Corporation, successors in interest of Alberta Timber Company, has exercised its right to extend the time for removal of said timber for five years, and, to pay for such extension, has deposited with the Clerk of Court of Florence County, $750, which is claimed by both defendants. Chapman claims the money under and by virtue of the exception in his deed to Stem. Allison claims it because he owns the land which the plaintiff, by the payment of the said sum of $750, has acquired the right to enter upon and use and remove timber from the additional period of five years.

The money in question was not paid for timber. Chapman received the full purchase price for the timber when he sold it. The timber deed to Alberta Timber Company does not stipulate to whom the consideration shall be paid for additional time in which to remove it. In his deed to Stem he does not reserve the right to collect or receive the money, and it will not be contended that any new or additional consideration has passed from him to the plaintiff to support his claim to it. The true consideration therefore is the additional burden imposed upon the land owned by the defendant Allison, to wit, the right to use it for five additional years. I therefore conclude that the money in the hands of the clerk of Court should be paid to him.

Chapman is not entitled to the money in question for the further reason that in his deed to Stem he does not except the timber sold to Alberta Timber Company, but only the timber sold to "A. C. L. Corporation." It is admitted that the timber sold by Chapman to Atlantic Coast Lumber Company was subsequently acquired by Atlantic Coast Lumber Corporation, and that the timber sold to Alberta Timber Company, a subsidiary of Atlantic Coast Lumber Corporation, was never conveyed to the said corporation. Therefore, even if it were admitted that the money in question was paid for timber, Chapman could not recover, because it was paid pursuant to the provisions of his deed to Alberta Timber Company, to which no reference is made in his deed to Stem.

This case is controlled by the decision of the Supreme Court of South Carolina in the case of *Fairfield Timber Co. v. Simmons et al.,* 108 S. C., 321, 94 S. E., 491, which, like this, was an action to determine the ownership of money paid for the extension of time to cut and remove timber. In that case, as here, the plaintiff paid the money into Court and brought his action to determine the ownership thereof as between the defendants. The defendant Simmons acquired the land at a foreclosure sale under a decree which ordered

the sale of the land, "saving and excepting certain timber rights covered by and subject to the provisions of a certain deed from Edward Lotz to E. C. Benedict." The money was claimed by the owner of the land and also by the heirs and executors of Lotz, the grantor of the timber. The deed contained provisions substantially the same as those quoted above from Chapman's deeds to Atlantic Coast Lumber Company and Alberta Timber Company, respectively. It was not stipulated who was to be paid for such extension of time, and there was nothing in the deed to the defendant Simmons to indicate that it should be paid to Lotz or his heirs. The Court held that Simmons, the landowner, was entitled to the money as compensation for the use of his land for the additional period of time, the transaction being in the nature of a lease. In this connection, see, also, the case of *Richardson v. Cooler,* 115 S. C., 102, 104 S. E., 305.

For the reasons stated, I hold that the defendant, T. Preston Allison, is entitled to the money in question in this action.

It is therefore ordered, adjudged, and decreed that the Clerk of Court of Florence County do pay to the defendant, T. Preston Allison, or his attorney, the said sum of $750 heretofore paid to the Clerk by the plaintiff, United Timber Corporation.

*Messrs. Octavus Cohen, Norval N. Newell* and *C. C. Cannon* for appellant. *Mr. Cohen* cites: *Right of grantor where timber is excepted:* 96 S. C., 53; 12 Rich., 314; 80 S. C., 106; 81 S. C., 494; 79 S. E., 272.

*Mr. Geo. E. Dargan,* for respondent, Allison, cites: *Compensation for extension of time to int. goes to owner of land:* 108 S. C., 321.

October 18, 1922.

The opinion of the Court was delivered by Mr. Justice Watts.

For the reasons assigned by his Honor, Judge Shipp, it is the judgment of this Court that the judgment of the Circuit Court be affirmed.

---

## 11027

### STATE v. GREEN

#### (113 S. E., 317)

1. CRIMINAL LAW—ERROR IN ADMITTING EVIDENCE HELD CURED BY INSTRUCTIONS TO DISREGARD.—Any error in admitting incompetent testimony concerning tracks in which defendant was compelled to put his foot was cured, where the Court stated to the jury that he had made a mistake in admitting it and instructed them to disregard it.

2. CRIMINAL LAW—EVIDENCE CONCERNING BUTTON TAKEN FROM DEFENDANT BY FORCE BEFORE HIS ARREST AND WITHOUT SEARCH WARRANT NOT INADMISSIBLE.—Evidence in regard to a cuff button taken from defendant by force before his arrest and without a search warrant was not for that reason inadmissible.

3. CRIMINAL LAW—ADMISSION OF EVIDENCE CONCERNING BUTTON TAKEN FROM DEFENDANT BEFORE ARREST HELD HARMLESS.—Where one of defendant's cuff buttons was found at the scene of an attempted rape, evidence concerning another cuff button, taken from him by force and before his arrest without a search warrant, if inadmissible, was harmless, where it had nothing to do with the case and proved nothing.

4. CRIMINAL LAW—STATEMENTS IN ACCUSED PRESENCE ADMISSIBLE.—Statements made in the presence of accused by a third person were admissible.

5. CRIMINAL LAW—TESTIMONY AS TO STATEMENTS OF POLICEMAN HELD HEARSAY AND INADMISSIBLE.—Testimony sought to be elicited concerning statements made by one of the rural policemen investigating a crime was hearsay and inadmissible.

6. CRIMINAL LAW—DEFENDANT'S STATEMENTS TO SHERIFF WHILE IN JAIL ADMISSIBLE IN ABSENCE OF COERCION OR IMPROPER CONDUCT.—Statements by defendant to the Sheriff while in jail were admissible, where there was nothing to show any improper conduct on the Sheriff's part, or any coercion.

7. CRIMINAL LAW—NOT ERROR TO PERMIT WITNESS TO SAY TESTIMONY OF OTHERS IS TRUE.—It was proper to permit a witness to say, subject to the right of cross-examination, that the testimony of two other witnesses was true.