### 17058. WAYNESBORO PLANING MILL v. AUGUSTA VENEER COMPANY.

1. It is the law of Georgia that "he who takes with notice of an equity takes subject to that equity" (Civil Code of 1910, § 4529), and that "notice sufficient to excite attention and put a party on inquiry is notice of everything to which it is afterwards found such inquiry might have led. Ignorance of a fact, due to negligence, is equivalent to knowledge, in fixing the rights of parties" (Civil Code of 1910, § 4530). But irrespective of whether or not the principles of law just stated would be sufficient to charge a purchaser of land with notice of a third person's rights to the timber privileges under a lease previously made but which was actually reduced to writing subsequent to the conveyance of the land, by reason of a stipulation embodied in the land deed reciting that "this deed is made subject to a timber lease of this date for sawmill and turpentine purposes for five years," the plain purport and intent of the land deed, when construed with reference to such embodied stipulation and with reference to all the other surrounding facts and circumstances, including the consideration expressed by the deed, is necessarily to exclude from its operation the timber and turpentine rights for and during the period mentioned, with the effect that during the continuance of that period the timber and turpentine rights were excepted from the conveyance and were not intended to be passed thereunder.

2. Since the sale by the lessee of the timber in dispute to the plaintiff in trover was made in conformity with the rights of the lessee under the lease, the fact that the lessee defaulted on subsequent payments would not give the lessor or his privies the right to retake the property thus sold and delivered in accordance with and during the operation of the lease contract.

3. In accordance with the principles stated above, the verdict in favor of the plaintiff was demanded.

DECIDED SEPTEMBER 14, 1926. REHEARING DENIED SEPTEMBER 29, 1926.

Trover; from city court of Waynesboro—Judge Davis. December 7, 1925.

G. C. Anderson, for plaintiff in error.

E. M. Price, E. V. Heath, contra.

JENKINS, P. J. About the first of October, 1923, Carlton entered into a verbal understanding with Powers for the sale of certain timber to Powers for the sum of $10,000. On November

10, 1923, a written contract was executed and delivered, which appears to have been originally dated October 10, 1923, but changed to November 10, 1923. The contract provided for a cash payment of $500 by Powers, and certain other payments to be made in installments of $500 each as the timber was removed, for which deferred payments Powers executed his notes to Carlton. Between the date of such verbal understanding and the date of the execution and delivery of the written contract, to wit, on October 10, 1923, which was the date originally appearing on the lease contract, Carlton conveyed the land on which the timber grew to his daughter, Mrs. Wood, for a consideration of $2500. This conveyance contained the following provision: "This deed is made subject to a timber lease of this date for sawmill and turpentine purposes for five years." Powers made the first payment for the timber as provided for by his written contract with Carlton, moved his sawmill upon the premises, and began cutting the timber covered by the conveyance to him, receiving advances from the Augusta Veneer Company, to which company the timber thus cut was conveyed, and paying over to Carlton the proceeds of such sale received from the Augusta Veneer Company. The Augusta Veneer Company, in pursuance of such purchase, entered upon the premises and branded the logs which had been cut and conveyed to it. Powers ceased to cut the timber and defaulted in his payments therefor, after which Mrs. Wood conveyed all the timber, both standing and cut, to the Waynesboro Planing Mill, which took possession of certain branded timber that had been turned over to the Augusta Veneer Company by Powers. The Augusta Veneer Company brought trover for the timber thus seized by the Waynesboro Planing Mill, and obtained a judgment in its favor, to which the Waynesboro Planing Mill excepts.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

### ON MOTION FOR REHEARING.

JENKINS, P. J. The decision of the Supreme Court in *Sirmans* v. *Milltown Lumber Co.*, 130 *Ga.* 82 (60 S. E. 267), and the decision of this court in the case of *Sutton* v. *Gray Lumber Co.*, 3 *Ga. App.* 377 (60 S. E. 2), were not overlooked when this case was originally considered. The question involved in each of those cases was, to whom did the uncut timber belong after the expiration of the timber lease referred to by the land deed? **In**

both of the cases mentioned it was in substance held, that if under the terms of such a timber lease the rights of the lessee became terminated before he had actually cut the timber covered by his lease, the uncut timber did not revert to the original grantor, but passed to his grantee under the land deed. These decisions are based upon the theory that the only reservation made by the subsequent land deed was such as was actually specified, and that upon the expiration of the stipulated lease, the grantee under the land deed took all rights to the uncut timber which his grantor may have had. No such question enters into the instant case. Here the owner of the land, after orally agreeing to a lease for five years of the timber rights for the sum of $10,000, but before the timber lease was reduced to writing and signed, conveyed the land itself, in consideration of $2,500, to another person, but stipulated in the land deed that it was made subject to a timber lease of even date. Thus, the stipulation in the deed, while not excepting any greater rights, than those covered by the terms of the lease referred to, clearly indicated to the purchaser of the land that she was not entitled to the rights actually covered by the terms of the lease mentioned. After the expiration of such period covered by the lease, the reservation would no longer militate against the rights of the grantee in the land deed, but under the rule laid down in the *Sirmans* case, the timber then remaining uncut would belong to her, under the theory that the land conveyance carried all the interest of the grantor save such as he might have under the terms of the stipulated lease. In our opinion, the grantee under the land deed should not be allowed, by paying the value of the land, which represented only one fifth of the value of the land and timber, to acquire title to the cut timber in dispute, despite the specific stipulation in her deed putting her on distinct notice that the timber rights for and during the period of five years were not conveyed, but belonged to another person. Especially would this be true where it appears from the statement of facts appended to the original opinion that such purchaser of the land thereafter permitted the purchaser of the timber to enter upon the premises, and at his own expense to cut timber under his lease, and sell the same for a consideration to the defendant in error in this case. While it is true that standing timber is regarded as a part of the realty, even if the stipulation in the land

deed under which plaintiff in error holds could not of itself be taken to estop it from denying the validity of the previous oral sale of the timber, it would seem that there was such part performance of the previous oral contract of sale, permitted by the grantee under the land deed, as would estop her from denying its validity, and would render unnecessary the reduction to writing of the timber lease recited by the terms of the written land deed.                                                    *Rehearing denied.*