SHIRLING *et al. v.* SECURITY LOAN AND ABSTRACT
COMPANY.

No. 6793. December 13, 1928.

*R. S. Wimberly,* for plaintiffs in error.
*Dasher & Carlisle,* contra.

Hines, J. On February 12, 1918, Mrs. Bernice C. Shirling and her husband, R. T. Shirling, executed to George K. Johnson and John W. Hamer, trustees, their deed to a tract of land to secure a loan of $11,000 from the Penn Mutual Life Insurance Company. At the time of the execution of this deed there existed on the property a timber lease in favor of Alexander & Bland. The lender required the cancellation of this lease before completing the loan, but later agreed that it would release from the lien of its deed the timber on said land. Pursuant to this agreement a release was executed by said company on April 11, 1918, by which it released to Mrs. Bernice C. and R. T. Shirling all the second-growth pine timber upon the land embraced in the security deed. Subsequently to this release, a lease of this timber was made by the Shirlings to Alexander & Bland, dated April 26, 1918, which granted to the lessees therein a term of ten years in which to remove the timber, with the option, for a named consideration, of renewal for an additional five years. The Shirlings defaulted in the payment of the principal and interest due under said loan; whereupon the lender company brought suit against them and obtained a general lien and a special lien upon the land embraced in the security deed. The execution from said judgment was levied on the land, which was regularly sold by the sheriff and bought in by the Security Loan & Abstract Company. The sheriff executed to the latter a deed on April 7, 1925. The ten-year period under the above lease expired early in 1928. Alexander & Bland then undertook to renew the same by paying to the lessors $320, the annual renewal charge; and continued to cut said timber. R. T. Shirling acted for Alexander & Bland in cutting and sawing the timber. A. O. Bennett was the sawyer. The Security Loan & Abstract Company filed suit against Shirling and Bennett, to enjoin them from cutting and removing said timber. The facts above stated appearing,

the trial judge granted an interlocutory injunction, and Shirling and Bennett excepted.

1. Trees growing upon land constitute a part of the realty. *Coody* v. *Gress Lumber Co.*, 82 *Ga.* 793 (10 S. E. 218) ; *Balkcom* v. *Empire Lumber Co.*, 91 *Ga.* 651 (17 S. E. 1020, 44 Am. St. R. 58) ; *Pritchett* v. *Davis*, 101 *Ga.* 236 (28 S. E. 666, 65 Am. St. R. 298) ; *Peacock* v. *Horne*, 159 *Ga.* 721 (126 S. E. 813). The judgment being a general lien against the land, which embraced the timber growing thereon, as well as a special lien upon the interests conveyed under the security deed, a sale under the execution conveyed to the purchaser at the sheriff's sale both the land and the interest of the defendants in the judgment in the growing timber; and after such sale the lessees under the timber lease could not renew the same by paying to the lessors the stipulated consideration for its renewal, but would have to pay such consideration to the purchaser at the sheriff's sale, who succeeded to all the rights of the defendants in judgment under said lease, and became entitled to the consideration stipulated for its renewal.

2. Applying the above rulings, the trial judge did not err in granting an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*