## 24944. JEFFREYS-McELRATH MANUFACTURING COMPANY *v.* FAULK *et al.*

DECIDED DECEMBER 23, 1935.

*Jones, Johnston, Russell & Sparks, Ed. Benton,* for plaintiff in error.

*Park & Strozier, J. Lundie Smith Jr.,* contra.

SUTTON, J. A owned certain realty on which there were standing trees suitable for sawmill purposes. On May 17, 1927, for a consideration of $1150, A conveyed to B all the timber on the land, providing in the contract of sale that B was to have five years in which to cut and remove the timber, and that B should "have such additional time, not exceeding five years, as may be desired, in which to cut, saw, and remove the timber, and to exercise the privileges herein given and as stated, but that for such additional time" B should pay to A "ten per cent. of the purchase-price hereinbefore stated, the same to become due and payable at the end of each additional year, so long as the privileges are exercised." This contract was recorded. On August 30, 1927, A by warranty deed conveyed to C the land on which the timber stood, making no reservation of timber or reference to the contract mentioned above. This deed also was recorded. On August 24, 1932, B chose to exercise the renewal privilege in the timber contract, and paid to A a sum of money which was accepted and retained as full payment of all amounts to be paid by B for the exercise of the privileges granted in the contract as to cutting the timber for five additional years, such sum being accepted in lieu of the yearly sum stipulated in the contract. Thereupon B cut and removed timber from the land, and C demanded payment therefor from B, which was refused. C then instituted suit against B for the 10 per cent. due yearly under the timber contract, and B defended on the ground that A was entitled to the consideration

of the renewal agreement or option in the contract, and that the rights of A under the contract did not pass to C under the warranty deed to the land made by A to C. The judge, sitting without a jury, rendered judgment in the plaintiff's favor, and the defendant excepted.

The evidence authorized a judgment for the full amount sued for. The purchaser of the land, there being no reservation in the warranty deed, succeeded to and acquired all of the rights of the grantor in the timber contract in the event the purchaser of the timber elected to exercise the privilege of renewal or extension provided therein, the sale being of standing timber which constitutes a part of the realty. The purchaser could exercise the privileges granted in the timber contract as to extension of time, but the consideration to be paid therefor was due to the grantee in the subsequent warranty deed from the seller of the timber, and not to the seller himself. *Sutton* v. *Gray Lumber Co.*, 3 *Ga. App.* 377 (60 S. E. 2); *Sirmans* v. *Milltown Lumber Co.*, 130 *Ga.* 82 (60 S. E. 267); *Houston* v. *Chattahoochee Lumber Co.*, 139 *Ga.* 146 (76 S. E. 1000); *Shirling* v. *Security Loan & Abstract Co.*, 167 *Ga.* 489 (145 S. E. 840). Had the timber not been removed, it would certainly have belonged to the defendants in error, the grantees in the deed to the land. The timber reversion having passed, it would seem that all rights incident thereto and connected therewith also passed. The deed to them conveyed the land with "all and singular the rights, members, and appurtenances thereunto belonging." The provision in the timber contract for an extension of time was in the nature of an option (*Edmondson* v. *Boyd Lumber Co.*, 34 *Ga. App.* 274 (129 S. E. 168), which runs with the land. The right to exercise this privilege or option was in the purchaser of the timber contract, the right being against the owner to go on the land and remove the timber, which was part of the realty; but this was not done until after the land and all the rights and interest of the grantor were conveyed by warranty deed to the defendants in error. These rights being against the owner and a burden on the land, it seems but reasonable and right that the owner of the land should receive the consideration paid for the exercise of such rights.

In addition to the authorities from this court and the Supreme Court, cited herein, it seems the weight of authority from other

jurisdictions supports our holding herein. The following are in line with the decision in this case: 38 C. J. 152, 164, 165, 172; Granville Lumber Co. v. Atkinson, 234 Fed. 424, 430; Wilson v. Buffalo Collieries Co., 79 W. Va. 279 (91 S. E. 449); Carolina Timber Co. v. Wells, 171 N. C. 262 (88 S. E. 327); Carolina Timber Co. v. Bryan, 171 N. C. 265 (88 S. E. 329); Bank of Onslow v. Rowland Lumber Co., 193 N. C. 757 (138 S. E. 125). But see also Fairfield Timber Co. v. Simmons, 108 S. C. 321 (94 S. E. 491); United Timber Cor. v. Chapman, 121 S. C. 225 (114 S. E. 320); Richardson v. Cooler, 115 S. C. 102 (104 S. E. 305), cited by the plaintiffs in error which they contend sustain the opposite view. The judge properly rendered judgment in favor of the plaintiffs.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*