## LEVIS & COMPANY *v.* PARROTT LUMBER COMPANY.

Where A grants to B the sawmill and turpentine privileges on a given lot of land, but also provides that " all timber remaining [thereon] to revert " to A after a period named, and afterwards, before the period expires, conveys the lot to C, with this provision following the description of the land : " all timber on above [land] sold prior to this day reserved," the trees not removed by B within the time limited will be the property of A, and not of C.

Argued January 15, — Decided February 13, 1904.

Action of trespass.     Before Judge Littlejohn.     Dooly superior court.     January 28, 1903.

*J. L. Bankston* and *Hal Lawson,* for plaintiffs.
*Whipple & McKenzie,* for defendant.

TURNER, J.     Henry Levis & Co., sued the Parrott Lumber Co., making the following case: On February 29, 1892, the Americus

Investment Co. conveyed to the plaintiffs certain tracts of land, including lot No. 166 in the 5th district of Wilcox county. Previously, on June 30, 1890, the Americus Investment Co. executed and delivered to J. C. Ausley and G. W. Parrott, as trustees for Ausley and McCaskill & Parrott Lumber Co., a certain writing, which will be hereinafter described. Under this last-mentioned writing all right of said trustees expired on June 30, 1898. Said conveyance to the plaintiffs and said writing were attached as exhibits to the plaintiffs' petition. From these exhibits it appears that the deed to the plaintiffs conveyed certain lots of land, among them the lot already mentioned, in fee simple, the description of the lands conveyed being followed by these words: "All timber on above lots sold prior to this day reserved." The writing made by the Americus Investment Co. to Ausley and Parrott, trustees, after stating the consideration, recited that: "The above is consideration given by J. C. Ausley and G. W. Parrott, trustees, for sawmill and turpentine privileges for the space of (8) eight years from date on lots" described, including lot No. 166 "in the fifth district, Wilcox county. The said trustees are hereby given, free of charge, permission to run tramroads through above-named lots; all timber remaining on above lots to revert back to this company at eight years; the title to above premises being hereby warranted." The plaintiffs further averred, that, after the expiration of the period of eight years mentioned in the deed made to Ausley and Parrott as trustees, the Parrott Lumber Co. "cut out and removed the pine trees suitable for sawmill purposes from said lot of land," the value of the timber so cut and removed being $800; that said pine trees were manufactured into lumber by the defendant company, the value of this lumber being $2,500; and that "said cutting and removal of said timber by defendant was without the consent of plaintiffs." The plaintiffs prayed judgment against the defendant for the value of the lumber so manufactured. To this petition the Parrott Lumber Co. filed a dumurrer based on the grounds: (1) that the facts set forth in the petition did not authorize a recovery for the value of the manufactured lumber; (2) that the petition disclosed that the timber of lot No. 166 "was never sold to Henry Levis & Company, but was reserved by the Americus Investment Co., the petition also showing that the same had been sold by the Americus Investment Co. prior to the date

of [its] deed to " plaintiffs, and could not possibly revert to them under the deeds attached to their petition; and (3) that said petition " does not set out who Levis & Co. is." By consent of the parties, the judge of the lower court considered the demurrer in vacation. After hearing argument thereon, he passed an order sustaining the first and second grounds of the demurrer, and to this order the plaintiffs excepted.

It may be assumed from the pleadings that the plaintiffs acquired their title to the land in question with notice of whatever rights the defendant company had under the writing exhibited and alleged to have been made by the Americus Investment Co. to Ausley and Parrott as trustees. It may also be assumed that the plaintiffs' title to the lot was subject to whatever interest therein the defendant company claimed under that writing. The decision of the case, therefore, depends upon the construction to be given to those clauses of the papers attached to the petition which we have hereinbefore quoted. According to the great weight of authority, the defendant, under any transfer to it of the interest conveyed by the writing made to Ausley and Parrott as trustees, had no title to the timber which was removed from the lot after the expiration of the time mentioned in that writing within which the timber should be taken, if at all, from the land; that is to say, after June 30, 1898. See authorities cited in *Morgan* v. *Perkins*, 94 *Ga.* 353, 355; *McRae* v. *Stillwell, Millen & Co.*, 111 *Ga.* 65, s. c. 55 L. R. A. 526, note 2. And it necessarily follows, we think, that all the timber remaining on the lot after that date reverted to and became the property of the grantor, the Americus Investment Co. At the date of the deed from that company to the plaintiffs, only two years of the period limited for the removal of the timber had, according to the terms of the grant previously made to Ausley and Parrott, trustees, elapsed; and on that date the Americus Investment Co. did not own this timber. Six years remained in which it could be cut and removed by them. It is true that the right to this timber was limited as to time; but this limitation, by the terms of the writing in which it was stated, only had the effect to revest in the Americus Investment Co. the title to such timber as remained on the land at the expiration of the term. This reversionary interest in the Americus Investment Co. did not, under the convey-

ance made to the plaintiffs, pass into them, but was expressly excepted or reserved. According to the best definitions which we can find, the clause in that deed which recited that all timber on the land which had been previously sold was thereby "reserved," amounted to a technical "exception." See 2 Devlin on Deeds (2d ed.), §§ 979, 980, 989, and authorities cited. It is to be noted, in this connection, that in conveying to the plaintiffs the property described in the instrument under which they claim, the Americus Investment Co. did not in its deed merely recite that the property was sold subject to the rights of others to whom the timber privileges had previously been conveyed, but used apt language indicating a purpose on its part to except from the operation of its grant all timber which it had theretofore sold on conditions which gave it a reversionary interest in the same. We have accordingly reached the conclusion that, under the averments made in the petition, the plaintiffs did not show a right to hold the defendant to account for its alleged trespass. This being so, it is not necessary for us to undertake to pass on the merits of the first ground of the defendant's demurrer.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*