## SHAW v. HENDERSON LUMBER COMPANY.

FISH, C. J. 1. This action was brought to recover damages for timber alleged to have been cut by the defendant, and to obtain an injunction to prevent the future cutting and removal by him of timber of certain dimensions. The petition alleged, that the plaintiff was the owner of such timber; that the defendant threatened and intended to continue the trespass, which would result in denuding the land of the timber; that the plaintiff had made large investments in a sawmill and other machinery and equipment in connection therewith; that the timber was necessary for the operation of the mill; and that its destruction would cause irreparable damage to the plaintiff. *Held,* that the petition was not subject to demurrer on the ground that the provisions of the Civil Code, § 5504, were not complied with as to attaching abstract of plaintiff's title, etc. *Camp* v. *Dixon,* 112 *Ga.* 872 (38 S. E. 71, 52 L. R. A. 755); *Gillis* v. *Hilton & Dodge Lumber Co.,* 113 *Ga.* 622 (38 S. E. 940); *Massee-Felton Lumber Co.* v. *Sirmans,* 122 *Ga.* 297 (50 S. E. 92); *Gray Lumber Co.* v. *Gaskin,* 122 *Ga.* 342 (50 S. E. 164); *Lewis* v. *Hutchinson,* 127 *Ga.* 789 (56 S. E. 998).

2. The special demurrers to the petition were without merit.

3. A deed conveying a certain described tract of land contained the following provision: "pine timber for sawmill purposes 14 inches 2 feet above the ground and up, and the turpentine privileges also . . excepted from this sale." *Held,* that the title to such timber did not pass to the grantee, but remained in the grantor. *Lewis* v. *Parrott Lumber Co.,* 119 *Ga.* 476 (46 S. E. 647); *Collinsville Granite Co.* v. *Phillips,* 123 *Ga.* 830 (51 S. E. 666); Moore *v.* Griffin, 72 Kan. 164 (83 Pac. 395, 4 L. R. A. (N. S.) 477, and cases cited in the note); 3 Wash. Real Prop. (6th ed), § 2352 et seq.

4. The record fails to disclose any evidence showing either title or possession of the timber in question in the plaintiff. The court, therefore, erred in directing a verdict perpetually enjoining the defendant as prayed for in the petition.

5. This court has no power, even with the consent of counsel for both parties, to order the clerk of the trial court to send to this court a certified copy of a deed which does not appear in the approved brief of evidence and which it is claimed was omitted therefrom by mistake. *Smith* v. *State,* 118 *Ga.* 83 (44 S. E. 827), and cases cited.

                            *Judgment reversed. All the Justices concur.*
NOVEMBER 15, 1913.

Equitable petition.  Before Judge Thomas.  Berrien superior court.  September 20, 1912.

*Hendricks & Christian, Knight, Chastain & Gaskins,* and *J. J. Murray,* for plaintiff in error.

*H. J. Quincey* and *J. D. Lovett,* contra.