*E. F. Strozier, Shipp & Sheppard,* for plaintiff in error.

*W. T. Lane & Son, Wallis & Fort,* contra.

---

### 12922.   Bradley *et al.* v. Dozier Land Company.

Stephens, J. 1. An unconditional provision as to payment and time of payment, contained in a promissory note given by the maker in consideration of past services rendered by the payee, can not be varied by any parol contemporaneous agreement to the effect that the note will not be due or collectible except upon the happening of a certain contingency. It follows therefore that where the vendor of property employs a real-estate broker to find a purchaser and agrees to pay the broker a certain sum for such services, a note afterwards executed by the vendor to the broker, in payment for such services, which contains an unconditional provision as to the payment and time of payment, can not be varied by a parol agreement between the parties, made contemporaneously with the execution of the note, to the effect that the note will not be due or payable unless the purchaser has paid for the land. The evidence offered in support of the plea of failure of consideration was properly excluded, since " the thing proposed to be proven attaches a condition to the note  .  .  that in a certain event it is not to be paid, or is to be paid at a different time from the time stated." *Boynton* v. *Twitty*, 53 *Ga.* 214, 218; *Byrd* v. *Marietta Fertilizer Co.*, 127 *Ga.* 30 (56 S. E. 86).

2. The court did not err in excluding testimony offered by the defendant and in directing a verdict for the plaintiff.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

Decided September 23, 1922.   Rehearing denied September 30, 1922.

Complaint; from Carroll superior court — Judge Wright presiding. August 27, 1921.

Application for certiorari was denied by the Supreme Court.

*Denny & Wright, S. Holderness, Willis Smith, Smith & Millican,* for plaintiffs in error.

*R. D. Jackson & Son, Erwin, Erwin & Nix,* contra.