### 15841.  HUBER v. VEREEN.

JENKINS, P. J.  1.  "Custom or usage, while admissible to explain an ambiguous written agreement, is inadmissible if repugnant to or inconsistent with a clear, express agreement." *Stamey* v. *Western Union Tel. Co.*, 92 *Ga.* 613, 616 (18 S. E. 1008, 1010, 44 Am. St. Rep. 95); *Case Threshing Machine Co.* v. *Broach*, 137 *Ga.* 602 (73 S. E. 1063); *Park* v. *Piedmont Life Ins. Co.*, 48 *Ga.* 601, 606; *Albany Ry. Co.* v. *Merchants Bank*, 137 *Ga.* 391 (4), 397 (73 S. E. 637); *Parcel Delivery Co.* v. *American Oil Pump Co.*, 25 *Ga. App.* 659 (1) (104 S. E. 27); *Brunswig* v. *East Point Milling Co.*, 11 *Ga. App.* 9 (2) (74 S. E. 448); 17 C. J. 508.  Thus, where the vendor of an automobile sues the purchaser, upon a promissory note executed by the purchaser to the vendor in payment of the balance of the purchase-price, unconditionally promising to pay the specified principal and interest on a certain date, identifying the machine by motor number and description, and agreeing that "this property is bought after full inspection and without warranty either express or implied," a plea which admits the execution of the note and the delivery of the car under the contract, but seeks to set up as a defence an alleged custom and usage among automobile dealers not to regard contracts of purchase as complete and binding before delivery of the machines, and to allow or charge against purchasers on such contracts reductions or increases in price, made by the manufacturers between the time of signing the contract and the delivery of the car, is subject to demurrer upon the ground that such a custom "seeks to vary, add to, and contradict the terms of the express, unambiguous written contract sued upon."  See *Bradley* v. *Dozier Land Co.*, 29 *Ga. App.* 78 (1) (113 S. E. 819); *Tennille Banking Co.* v. *Ward*, 29 *Ga. App.* 660, 664 (116 S. E. 347).  Nor, in a suit such as stated, is there any mutual mistake shown by allegations of a plea that, after such a contract of purchase and sale had been made, the manufacturer reduced the price on its cars in a stated sum, so as to entitle the purchaser, in the absence of any provision therefor in the contract, to a credit of such reduction, notwithstanding that the seller may have already received the benefit thereof.  This case is distinguished from that of *Pilcher* v. *Thompson*, 29 *Ga. App.* 493 (2) (116 S. E. 49), where the principle involved was the alleged fraudulent misstatement of an existing fact.  Especially does a plea such as that described fail to set forth, as against demurrer, a good defense, where it appears that the clear and unambiguous promise to pay was voluntarily given without protest, in renewal of an original note, after maturity of the debt, and after the car had been delivered and accepted, and when it continued to be retained by the purchaser, and there is no averment that he did not know of the factory's reduction in price when he executed the renewal note sued on.

2. The court did not err in striking the defendant's plea on demurrer, and entering judgment for the plaintiff.

*Judgment affirmed.  Stephens, J., concurs.  Bell, J., disqualified.*

DECIDED APRIL 10, 1925.

40

Attachment; from Colquitt superior court—Judge Thomas. July 22, 1924.

*J. L. Dowling,* for plaintiff in error.   *E. B. Askew,* contra.