## MILLER v. MIMS.

(Division B.  Oct. 16, 1933.  Suggestion of Error Overruled, Nov. 13, 1933.)

[150 So. 191.  No. 30735.]

McFarland & Holmes, of Aberdeen, for appellant.

Leftwich & Tubb and J. M. Coleman, all of Aberdeen, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

On March 25, 1929, S. P. Mims, appellee here, being the owner of the lands described in this suit, conveyed to J. T. Miller all merchantable timber on said land, and provided that this timber should be cut and removed within three years from the date of the deed, which would make the expiration date March 25, 1932.

On November 27, 1931, which was prior to the expiration date of said timber deed to Miller, the said S. P. Mims, by warranty deed, conveyed the land to Mrs. Flonnie Nelson, who executed a trust deed for the purchase price of this land, which trust deed was afterwards foreclosed and the land was bought in by S. P. Mims. On February 8, 1932, prior to the expiration date in the timber deed, the said S. P. Mims, by warranty deed, again conveyed the land to Mrs. Flonnie Nelson, on which land the timber sold to J. T. Miller was located. In this deed appears the following exception: ''The timber on this land is hereby excepted, and is not sold in this said deed.''

On February 8, 1932, the said Mrs. Flonnie Nelson, by warranty deed, conveyed all merchantable timber on said land to said J. T. Miller, and on November 22, 1932, subsequent to the expiration date of said timber deed above mentioned, Mrs. Nelson conveyed the land to H. J. Palmer, and on January 13, 1933, the said H. J. Palmer conveyed the timber on said land to J. T. Miller.

J. T. Miller did not cut and remove the timber within the three years given him in his original deed, but now claims the timber under his deeds from Mrs. Nelson, who owned the land on March 25, 1932, and from H. J. Pal-

mer. S. P. Mims also claims the timber, contending that he reserved it in his deed to Mrs. Nelson.

J. T. Miller contends that the above-quoted exception did not have the effect of reverting the title to the timber to S. P. Mims on the expiration date for the cutting and removing; but that it reverted to the owner of the title existing at that date. In other words, Miller contends that the timber reverted and became a part of the land itself, and through conveyance from the then owner it became the timber of Miller.

The court below decided in favor of S. P. Mims, holding that Mims was entitled to the timber and that Miller did not get title under his conveyances thereto.

Appellant relies upon Wheat v. J. J. White Lumber Co., 150 Miss. 615, 116 So. 103; Sutton v. Gray Lbr. Co., 3 Ga. App. 377, 60 S. E. 2, 3; Hornthal v. Howcott et al., 154 N. C. 228, 70 S. E. 171; and Strasson v. Montgomery, 32 Wis. 52.

In our opinion the case of Wheat v. J. J. White Lumber Co., supra, is not in point. In that case, there was no reservation in the deed conveying the land, and the timber not being removed on the expiration date, it was held to have passed to the owner of the land. That case is not like the one before us where there is an express exception. In the other cases above cited, the reservation was in different language from the one here involved. In the case of Sutton v. Gray Lbr. Co., supra, the reservation was, ''The sawmill timber heretofore sold to Henry Banks excepted,'' and it was there held that the timber, not having been cut within the period allowed for cutting, reverted to the owner of the land at that time. There is rather a fine distinction drawn by the court therein, but, upon the facts, it declares that the distinction was sound, and inasmuch as Banks had not cut and removed the timber when the time expired it had never passed the title, and such timber passed to the second vendee. The other cases had similar provisions and like holdings.

In Finkbine Lumber Company v. Saucier, 150 Miss. 446, 116 So. 736, it was held that a deed conveys only the

property described therein and which it manifests an intention to convey by express terms.

In the case at bar, there was no intention to convey the timber, but it was excepted out of the conveyance by recital.

It was further held in the Finkbine Lumber Company v. Saucier case that the right to a reversion of timber remaining on the land, after the expiration of twenty years given the purchaser thereof within which to remove same, did not pass to the grantee under a deed conveying the land with a reservation of the timber, since the reservation excluded the timber, and showed an intention, on the part of the grantor, not to convey it.

In the case at bar, the word "excepted" is equally as strong as the word "revert;" and excepts from the deed the timber involved, and said timber did not pass with the deed. Consequently, Mrs. Nelson and her vendees acquired no title to the timber; and Miller not having cut and removed it within the time allowed by his deed, the timber reverted to S. P. Mims, the owner of the land at the time of the conveyance, and who had excepted it out of the conveyance to Mrs. Nelson and had reserved it in himself.

We, therefore, are of the opinion that the court below decided the case correctly, and the judgment is affirmed.

Affirmed.