*O. C. Hancock,* for plaintiff in error.

*J. C. Savage, C. S. Winn, Bond Almand,* and *Roy S. Drennan,* contra.

## BROWN *v.* THOMPSON.

No. 11404. NOVEMBER 12, 1936. REHEARING DENIED DECEMBER 11, 1936.

*E. W. Jordan* and *Weltner, Meadow & Russell,* for plaintiff in error.

*Victor Davidson,* contra.

BELL, Justice.   On November 10, 1922, the owners of a tract of land leased to another all the pine timber suitable for sawmill purposes, growing upon the land, it being agreed that "the timber to be cut is from ten inches up," and that the lessee "is to have the free use" of the timber for a period of six years.   On May 26, 1926, a subsequent owner of the land, a lumber manufacturing company, conveyed the land in fee simple, subject to such lease, and with the following reservation: "All timber standing and growing on said lands reserved to the grantor herein for the period of fifteen years from date, with as long as three additional years upon payment annually in advance of the sum of $500.   Said grantor also reserves, for the purpose of removal of said timber, the right of ingress and egress, with the privilege of laying down and operating tramroads in, over, through and across said lands, and to enter thereon with teams, machinery and equipment by the usual means of ingress and egress, or otherwise."   Thompson, who was a remote grantee holding under this deed, brought a suit against Brown, the agent of the grantor, seeking, among other things, an injunction to restrain Brown from cutting and removing trees which the plaintiff alleged where not included in the reservation in such deed.   The court did not rule upon a demurrer filed by the defendant, but after hearing evidence granted an interlocutory injunction restraining the defendant from removing any trees except such as were suitable for timber on May 26, 1926. To this judgment the defendant excepted.   The questions raised, so far as they require discussion, are indicated in the following opinion.

■  The reservation contained in the deed applied only to such trees as were "standing and growing" and suitable for timber on the date of the conveyance, to wit, May 26, 1926, and did not include other trees which only became suitable for timber by growth during the period of reservation.  *Neal Lumber &c. Co.* v. *O'Neal, 175 Ga.* 883 (2) (166 S. E. 647).

■  Under the facts of this case, evidence of a custom in the locality to the effect that the word "timber" as contained in a lease is understood to include all such trees that should become

suitable for timber at any time during the period of such lease was not admissible to vary the meaning of the word "timber," as stated in the preceding division. The meaning of the word "timber" is not absolutely invariable (*Reynolds* v. *Wingate*, 164 *Ga.* 317, 321 (138 S. E. 666); but the reservation here under consideration applied solely to timber and only to such timber as was standing and growing on the date of the deed, whereas the intendment of the proffered evidence was to show that the reservation included something that was not timber at that time; and to this extent the evidence was objectionable as contradicting the plain and unambiguous terms of the contract. *Nelson* v. *Spence*, 129 *Ga.* 35 (7) (58 S. E. 697); *Albany & Northern Railway Co.* v. *Merchants &c. Bank*, 137 *Ga.* 391 (4), 397 (73 S. E. 637); *Huber* v. *Vereen*, 33 *Ga. App.* 625 (127 S. E. 669).

■ Even if unused portions of the timber leased on November 10, 1922, did not pass to the plaintiff as one holding under the deed of May 26, 1926, but became the property of the grantor in such deed (*Levis* v. *Parroll Lumber Co.*, 119 *Ga.* 476, 46 S. E. 647; *Shaw* v. *Henderson Lumber Co.*, 141 *Ga.* 47 (3), 80 S. E. 322), it still appeared from the pleadings and the evidence that the defendant was removing some timber which was not embraced either in the lease referred to or in the reservation contained in such deed, and the title to which was in the plaintiff.

The petition stated a cause of action; and under the pleadings and the evidence the court did not err in granting the injunction, the order being consistent with the decisions referred to in this division.     *Judgment affirmed.    All the Justices concur.*