398 So.2d 213 (1981)
Jarvis B. CHRISTIANSEN, a/k/a J. Christiansen
v.
Mrs. Clyo GRIFFIN.
No. 52621.
Supreme Court of Mississippi.
May 6, 1981.
Gary D. Thrash, Powell & Thrash, Jackson, for appellant.
Michael R. Medley, Lee, Medley & Hanbury, Jackson, for appellee.
Before SMITH, P.J., and WALKER and HAWKINS, JJ.
*214 HAWKINS, Justice, for the Court:
The Chancery Court of the First Judicial District of Hinds County rendered a decree granting specific performance for the conveyance of realty, vesting title in personalty in the appellee Mrs. Clyo Griffin, and $500.00 attorney's fees, from which appellant Jarvis B. Christiansen has perfected this appeal, and the appellee has filed a cross-appeal for failure of the chancellor to award her monetary damages for alleged "injuries and indignities" suffered by her. We affirm on cross-appeal and except for the award to the appellee of attorney's fees, we affirm on direct appeal.
In the summer of 1977 appellant Christiansen was desirous of selling his entire floral business in Jackson, including the realty. The business, known as "Chris Florist and Greenhouse," was located in an area of the city zoned residential, and Christiansen operated under a permit. The purchase price agreed upon between appellant and appellee for the entire business was $48,300.00, of which $10,000.00 was to be a down payment, and the remainder paid in 96 monthly installments of $400.00 each, bearing interest at 5% simple interest. Both parties employed counsel to prepare the necessary legal instruments.
Appellant was of the opinion, with which the attorneys agreed, that the permit was non-transferable. Two contracts were therefore prepared and executed August 1, 1977, an option to purchase the realty, and an "Employment Agreement" whereby appellant "employed" appellee to manage and supervise the business. Appellee was to pay all expenses and $400.00 a month plus 5% interest, and retain all over that sum. The employment agreement provided the $400.00 a month was to apply on the purchase price, and contained a covenant by appellant not to compete. The option gave appellee until August 19, 1978 to exercise her right of purchase which could be renewed for seven successive one year periods by "written notice of extension prior to the termination of the primary period or extension thereof," and paying sellers $10.00 additional consideration. The wife of appellant executed the option, also.
Appellee paid appellant $10,000.00 which he accepted and deposited in a savings account, and appellee took possession of all the business, including personalty and realty. Thereafter, she made monthly payments until October 22, 1979, totaling $11,730.00 *215 when she notified appellant in writing she was exercising her right of purchase under the option.
While appellant at first was agreeable with consummating the sale, and his attorney began preparation of security instruments, he balked at some stage, resulting in this action for specific performance filed February 6, 1980. Along with his answer, appellant filed a cross-bill, which can only be described as spurious.
Following a hearing, the chancellor rendered his opinion and final decree June 19, 1980, which inter alia: directed the chancery clerk to execute a special warranty deed to appellee of the realty upon execution by her unto appellant of a promissory note and deed of trust as security in the amount of the balance due, payable in equal monthly installments and bearing 5% interest; adjudicated title to all personalty of the business, including a 1974 model Ford van, in appellee; and awarded appellee $500.00 attorney fees.
We address only those assignments of error we deem merit comment.
Appellant contends the failure of appellee to give the required notice of intent to renew the option period cancelled the obligation. The written notice given by appellee of intent to purchase was October 22, 1979. Apparently she had neglected to give any previous written notice of her intent to extend the option period.
On October 22, 1979, appellee had paid appellant a $10,000.00 down payment, and monthly installments totaling $11,730.00. She was well along towards fulfilling her entire monetary obligation to appellant for purchase of all assets at that time. We hardly have a case here of a short term option to purchase realty, where only a nominal consideration is paid therefor, and where time is expressly or by implication the essence of the contract.
In McCorkle v. Brown, 9 Smedes and Marshall (17 Miss.) 167 (1847), this Court held that where a party has so far performed his part of a contract that he cannot be put in status quo, he is entitled to a specific performance by the other, even though there has not been a literal performance by the purchaser. In Burroughs v. Jones, 79 Miss. 214, 30 So. 605 (1901), we affirmed a chancery court decree ordering specific performance for the sale of realty after a much more serious default by the purchaser involving failure to make annual payments, and even though the contract expressly provided that in making installment payments time was of the essence. We stated therein:
"It is apparent that the character of the contract to be here adjudicated does not necessarily make time of its essence, and if it be so in this case, it is because of the stipulation in the contract to that effect. And where time is made the essence of a contract by agreement of the parties it must result that such an agreement merely imposes a penalty, which is not regarded in equity with a favorable eye, and will not be enforced under circumstances which make it inequitable to do so, but on the contrary, will decree a specific performance where the equities of the case justify it."
We also held in Burroughs a forfeiture will not be upheld unless promptly invoked at the time specified.
We likewise held in Baker v. Hardy, 194 Miss. 662, 11 So.2d 803 (1943), that equity would still grant specific performance in spite of a default in time of making payments.
In Denkmann Lumber Co. v. Morgan, 219 Miss. 692, 69 So.2d 802, p. 810, we stated:
"The law looks with disfavor upon forfeitures of all kind, and when a default occurs in a case of this kind, the seller must act promptly or he will be deemed to have waived his right to declare the contract at an end. As stated by the Court in the case of Gannaway v. Toler, 122 Miss. 111, 84 So. 129, 131: `The rule seems to be well settled in all jurisdictions that the vendor, who has the whiphand in the optional contract of forfeiture, must exercise his option promptly after default is made by the vendee; otherwise his failure to do so is taken to *216 evidence his purpose of continuing the contract, which amounts to a waiver of his right to declare a forfeiture.'"
Moreover, in this case, the record reveals appellant in the summer of 1979 told an auditor for the state tax commission appellee had purchased the entire business, and also wrote the city planning board on July 12, 1979, requesting the permit be changed to the name of appellee, stating therein she had an option from him to purchase the business, which she was afraid to exercise because she was afraid of losing the permit. Such conduct by him clearly evidenced a waiver by appellant of any pretended notice requirement of the contract.
Appellant also complains of the chancellor's adjudication of title to the personal property to be in appellee. Although the option only specifies realty, again an inventory prepared by appellant of the personalty used by the business to be sold to the purchaser, together with the statements and conduct of the parties presented substantial evidence from which the chancellor, considering both the option and employment agreement, was amply justified in decreeing title thereto in appellee as being part of the assets appellant had agreed to sell and convey to her. We certainly cannot say the chancellor was manifestly wrong. See Gilchrist Tractor Company v. Stribling, 192 So.2d 409 (Miss. 1967).
The decree also directed appellant to pay appellee $500.00 towards her attorney's fee. The only provision in either contract relative to attorneys' fees is in the employment agreement whereby each party agrees to pay all costs and expenses incurred or to be incurred by each of them "in closing and carrying out the transactions contemplated hereby." Ordinarily, attorney's fees are not allowed in a chancery court action unless specifically authorized by statute, or in the enforcement of a contract which specifically provides for the losing party to pay the successful litigant's attorneys' fees. Attorney's fees, therefore, are disallowed.
The cross-appeal in this case is as frivolous as the cross bill of appellant in the chancery court.
AFFIRMED ON DIRECT APPEAL EXCEPT AS TO ALLOWANCE OF ATTORNEY'S FEES; REVERSED AND RENDERED INSOFAR AS ALLOWING ANY ATTORNEY'S FEES. AFFIRMED ON CROSS APPEAL.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER and LEE, JJ., concur.
BROOM and BOWLING, JJ., took no part.