733 So.2d 353 (1999)
John COX, Appellant,
v.
TRUSTMARK NATIONAL BANK, Appellee.
No. 98-CA-00402 COA.
Court of Appeals of Mississippi.
February 9, 1999.
Rehearing Denied May 18, 1999.
*354 Dale H. McKibben, Jackson, Attorney for Appellant.
James E. Lambert, Jackson, Attorney for Appellee.
BEFORE THOMAS, P.J., LEE, and SOUTHWICK, JJ.
SOUTHWICK, J., for the Court:
¶ 1. An easement by necessity was found to exist across the land of John Cox. The easement benefitted a tract once also owned by Cox, but then owned by Trustmark National Bank. While the case was pending, Cox entered a contract for the sale of his tract. At a hearing Cox acknowledged that the sales price was not affected by the possible easement. Since the date of judgment, each party has sold its parcel to the same individual, recombining the two tracts into one common ownership. That extinguishes the easement and the controversy except as to attorney's fees for defending against Trustmark's motion for a preliminary injunction. We find the injunction to have been proper.

*355 STATEMENT OF FACTS
¶ 2. The two tracts in question total 6.7 acres in Hinds County adjacent to Livingston Road. In 1992 Cox conveyed all of the property to Patricia Jones, receiving a deed of trust to secure payment of the purchase price. In 1994 Jones deeded approximately 2.35 acres out of the total to the Whitney Company, Inc., a corporation owned by Jones and her husband. The 2.35 acres had no frontage with any street. There was testimony that the Joneses planned to develop both tracts for residences. A plat was prepared showing a street to be laid across the retained 4.35 acres that was to be the access to the Whitney Company tract. Trustmark National Bank made loans to Whitney to assist in the development. The Bank was granted a deed of trust on the 2.35 acre parcel and Cox released that tract from his deed of trust.
¶ 3. Trustmark foreclosed on the property in May 1997. It then brought suit against Cox and Jones, arguing that an easement should be declared across the 4.35 acre tract that was superior to Cox's deed of trust. Before any hearing was held, Cox foreclosed on his deed of trust and extinguished Jones's interest in the property.
¶ 4. Because a residence was under construction on the 2.35 acre tract, Trustmark argued that it needed immediate access to permit completion of the building and avoidance of deterioration to the half-finished structure. At a preliminary injunction hearing held on June 24, 1997, the court found that Trustmark would be irreparably damaged unless a temporary recognition of rights under an easement was entered. Cox was enjoined from interfering with that use.
¶ 5. A hearing on the merits of the case was held December 1, 1997. The court entered a memorandum opinion on February 3, 1998 and a final judgment of the same date. The court found that the former common ownership of the 6.7 acre tract, the carving out of a landlocked tract, and the failure to provide for access to that tract resulted in an easement by necessity. From that judgment Cox has appealed.
¶ 6. The parties by supplemental papers have advised us that Trustmark's tract was conveyed to Joe Collins on December 15, 1997, and Cox deeded his tract to Collins on March 11, 1998.

DISCUSSION

1. Damages from preliminary injunction
¶ 7. The question of whether an easement by necessity arose may appear completely moot. That certainly is Trustmark's argument. Regardless of whether the easement arose, it expired when the land was reconveyed to the same individual. A joinder of the dominant and servient estates creates a merger of title. Thornton v. McLeary, 161 Miss. 697, 137 So. 785, 786 (1931) (easement by necessity continues unless there is a merger of the two estates); Taylor v. Hays, 551 So.2d 906, 908 (Miss.1989) (easement by necessity expires when the necessity no longer exists).
¶ 8. On March 11, 1998, the two estates merged by the acquisition by one owner of both parcels. The existence of an easement after that date depends on the language of subsequent deeds or other instruments and an application of common law doctrines relevant to the new circumstances. Unless Cox can show some continuing controversy, the appeal must be dismissed. Cox specifically stated at the hearing below that the price of his tract was unaffected by the dispute regarding the easement. Thus whether or not there was an easement is irrelevant to any damage alleged, with one exception. It is that exception that requires us to address this case on the merits.
¶ 9. The one claim that Cox asserts is still alive is whether Trustmark's injunction was wrongfully entered. The wrongful acquisition of a preliminary injunction permits the enjoined party to recover damages *356 and attorneys' fees. The right to damages and fees is established by both rule and statute:
No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs, damages, and reasonable attorney's fees as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.
M.R.C.P. 65(c). Mississippi Code section 11-13-37 has been held to be an independent basis to permit the award of attorney's fees upon dissolution of an injunction. Kelso v. McGowan, 604 So.2d 726, 733-734 (Miss.1992).
¶ 10. We find no limit in this rule such that attorney's fees will be allowed only when actual damage to the defending party has been caused. The fees are those "incurred or suffered by any party who is found to have been wrongfully enjoined," which makes the erroneous injunction the key. M.R.C.P. 65(c). Cox suffered no damage to his real property interests from the easement dispute. However, if the easement did not in fact arise by necessity, then the granting of the injunction entitles him to recover his reasonable attorney's fees for that part of the proceedings. Because Cox raises that right on appeal despite that the rest of the dispute has been rendered moot, we must examine whether this easement arose by implication. If it did, then we must determine whether an injunction preventing Cox's interference with it was proper.

2. Easement by necessity
¶ 11. Cox suggests that there is something both unconstitutional and novel about an easement by necessity. In fact, it is a well-established doctrine that implies by law a matter that the parties almost certainly would have intended but overlooked. The century-old starting point for determining whether the easement will be imposed is that the parcel blocked in its access must at some time have had common ownership with the adjacent tract through which access is now sought. Taylor v. Hays, 551 So.2d 906, 908 (Miss.1989) (citing Pleas v. Thomas, 75 Miss. 495, 22 So. 820 (1897)). It is an easement by necessity, but it also involves an implication. An owner of the larger, combined tract would not have wanted to isolate the interior tract. This is particularly clear if the former owner of all was the person retaining the interior tract, and the same result applies when the reverse occurs. Id. The right of way is only over land that once comprised the larger tract, and not over just any adjacent lands that might be a convenient way to a public road.
¶ 12. Here the relevant common ownership is by Cox and his grantee, Patricia Jones. The implication that arises for an easement by necessity is logicalJones, the owner of the whole, would not want to isolate either part of the parcel by the conveyance.
¶ 13. Instead of having a free easement by necessity because of once being joined in ownership with the adjacent tracts, Cox argues that the adjacent tract should be limited to an easement procured through proceedings before the county board of supervisors. Miss.Code Ann. § 65-7-201 (Rev.1991); Broadhead v. Terpening, 611 So.2d 949, 955 (Miss.1992). If the requirements for the easement are proven, compensation has to be paid to the owner of the subservient estate across which access passes. Id. This statute has existed at least since the Code of 1880, and thus predates the case law that we have cited on easements by necessity. Miss. Code § 832 (1880). The easement by necessity doctrine is a common law concept. Broadhead, 611 So.2d at 954; Bonelli v. Blakemore, 66 Miss. 136, 5 So. 228, 231 (1888). The common law remains in effect until repealed by statute or overruled by case law. Tuggle v. Williamson, 450 So.2d 93, 95 (Miss.1984).
*357 ¶ 14. The specific issue of whether the power of a county board to condemn private easements replaced the common law was raised but not accepted in Pleas, 75 Miss. at 497-98, 22 So. 820. The issue was again considered in Terpening. A 4-4 split on the court affirmed the trial court's acceptance of easements by necessity. Terpening, 611 So.2d at 953. Without any such court division, the doctrine was later referenced with approval in Rowell v. Turnage, 618 So.2d 81, 85 (Miss.1993).
¶ 15. The fact that an alternative exists for a person who is landlocked but is not entitled to an easement by necessity in no way eliminates the value of the doctrine: parties by reasonable implication would intend to create an easement in these circumstances, but just neglect explicitly doing so. It is also reasonable to conclude that the legislature did not supplant the doctrine with the statute, but only supplemented it. We find the easement by necessity principle to be alive and well.
¶ 16. Based on the facts already related, we hold that Trustmark proved that an easement by necessity arose as to the land-locked tract.

3. Injunction against Cox
¶ 17. Notwithstanding the existence of the easement, the central issue here is whether Trustmark's rights were superior to Cox's. Cox had a deed of trust on 6.7 acres. Jones, his grantee of all 6.7 acres, then deeded a 2.35 acre tract to a corporation. Nothing as of that time made Cox subject to the easement, as his security interest was in the entire tract. Had he foreclosed and been the successful bidder, he would have gotten the 6.7 acre tract back without any easement burdening it.
¶ 18. Cox did not foreclose then. Instead, on the same day in December 1994 when Jones deeded the 2.35 acres to Whitney, Cox executed a release. Cox declared that the deed of trust was "hereby satisfied and canceled" as to the 2.35 acre tract as specifically described by courses and distances. The release was as to that "property only, and as to all other property covered" by the deed of trust, it remained in effect, "unchanged and unaffected by this Partial Release."
¶ 19. There was nothing in the description of the 2.35 acres that referred to an easement across other land covered by the deed of trust. Trustmark asserts that its rights after the release were superior to Cox's. We see only one means by which that could have happened. The easement by necessity arose as soon as the necessity was created, namely, the execution of a deed by Jones to Whitney on December 1, 1994. The easement therefore existed to benefit the 2.35 acre tract when Cox released his interest in that 2.35 acres. Only if the release also impliedly released the easement across the adjacent tract retained by Cox would Trustmark have superior rights. Otherwise, its deed of trust insofar as the easement is concerned is subordinate to Cox's interest.
¶ 20. We emphasize a few facts about easements by necessity. They arise because of the implication that someone who owned a large tract would not intend to create inaccessible smaller parcels. A subsequent conveyance of the servient estate (here, the 4.35 acre tract) necessarily carries with it the burden of the easement, as a grantor of the servient estate cannot give his grantee more rights than the grantor himself owned. Therefore, a deed of the servient estate would not need to refer to the easement in order to burden the conveyance with it.
¶ 21. Similarly, a conveyance of the dominant estate necessarily carries with it the appurtenant easement. Just as the easement arises because of the implication that the owner of the larger would not want to create a landlocked parcel by conveying an interior portion, so is it conveyed whether described or not when the dominant estate is deeded. Broadhead, 611 So.2d at 954 (easements by necessity run with the land and are deeded with each conveyance regardless of description).
*358 ¶ 22. What occurred here is a conveyance neither of the dominant nor of the servient estate. The central event was the release of the dominant estate from a deed of trust on the entirety. The release explicitly recognized the existence of the severed tract. It is the existence of that tract that creates the implied easement by necessity. Though the issue is close, we conclude that the release of the dominant estate releases the easement appurtenant to it that arose by necessity. This is a corollary to the position adopted by the supreme court that a conveyance of the dominant estate conveys the easement as well. The easement is created by implication and is conveyed by implication. In both situations the implication arises because otherwise the parties have unwittingly participated in creating a landlocked tract. The same disfavored result would occur if Cox's foreclosure of his deed of trust gave him superior rights to the easement. We will not imply that potentiality into the release.
¶ 23. This means that easements by necessity reverse the normal rules of conveyancing. Normally, "a deed conveys only the property described therein and which it manifests an intention to convey by express terms." Miller v. Mims, 167 Miss. 795, 800, 150 So. 191, 191 (1933). Quite differently, the only means for the owner of the entirety to prevent the creation of an easement by necessity when a landlocked tract is created, is by specific language in the conveyance or by other evidence to show the intent that no easement be created. Pencader Associates, Inc. v. Glasgow Trust, 446 A.2d 1097, 1100 (Del.1982) (cited in Broadhead, 611 So.2d at 954). Similarly, for the release of the tract not also to have released the necessary appurtenant easement, the release would specifically have had to retain the lien on the easement across the non-released tract.
¶ 24. Consequently, we conclude that the easement on the 4.35 acre tract was released when Cox released the 2.35 acre tract from his deed of trust. Therefore Cox had no rights in the easement even after foreclosing and the granting of a preliminary injunction was not wrongful.
¶ 25. THE JUDGMENT OF THE HINDS COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., COLEMAN, DIAZ, IRVING, KING, LEE, and PAYNE, JJ., CONCUR.