766 So.2d 819 (2000)
Arnold Lee YOUNG, Appellant,
v.
Johnnie Hamaker DEATON f/k/a Johnnie Hamaker Young, Appellee.
No. 1999-CA-01159-COA.
Court of Appeals of Mississippi.
September 12, 2000.
*820 John Robert White, Attorney for Appellant.
B. Ruth Johnson, Jackson, Attorney for Appellee.
EN BANC.
PAYNE, J., for the Court as to Issue I:

PROCEDURAL HISTORY
¶ 1. This is an appeal from the Chancery Court of the Second Judicial District of Hinds County wherein Arnold Young and Johnnie Deaton were granted a divorce in 1998. With this appeal, Arnold Young argues the chancellor erroneously dismissed his two post-judgment motions and errantly imposed attorney's fees against him.

FACTS
¶ 2. Arnold Young (Arnold) and Johnnie Deaton (Johnnie) were married on October 30, 1969, and were divorced December 15, 1998, due to irreconcilable differences. No children were born to their union. With this appeal, Arnold argues first that Johnnie failed to abide by the property settlement agreement, and that the chancellor erred in failing to find her in contempt, and second that the chancellor erred in awarding attorney's fees to Johnnie. Specifically, Arnold argues the chancellor erred in not finding Johnnie in contempt for allegedly taking a grandfather clock from the marital home that rightfully belonged to him, for Johnnie's alleged breaching the agreement in leaving the marital home in disrepair, and for Johnnie's failure to make available to Arnold videotapes and photographs for copying. Arnold cites provisions in the property settlement agreement to support his position that all of these acts were done in violation of such settlement. For the reasons stated below, we affirm on the first issue concerning contempt. We reverse and render on the second issue, which concerns attorney's fees.

ARGUMENT AND DISCUSSION OF THE LAW

STANDARD OF REVIEW
¶ 3. Appellant Arnold Young raises the following issues with this appeal:
I. WHETHER THE CHANCELLOR COMMITTED MANIFEST ERROR BY DISMISSING ARNOLD'S MOTION FOR CITATION FOR CONTEMPT AND ARNOLD'S AMENDED MOTION FOR TEMPORARY AND PERMANENT INJUNCTION.
II. WHETHER THE CHANCELLOR ERRED BY AWARDING ATTORNEY'S FEES TO JOHNNIE.
¶ 4. Our general standard of reviewing a chancellor's decision is well-stated. "This Court will not overturn the decision of a chancellor in domestic cases when those findings are supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, or applied an erroneous legal standard." Kennedy v. Kennedy, 650 So.2d 1362, 1366 (Miss.1995). Applying this standard, we affirm on the issue concerning contempt and we reverse and render on the issue of attorney's fees.

ANALYSIS OF THE ISSUES PRESENTED

I. WHETHER THE CHANCELLOR COMMITTED MANIFEST ERROR BY DISMISSING ARNOLD'S MOTION *821 FOR CITATION FOR CONTEMPT AND ARNOLD'S AMENDED MOTION FOR TEMPORARY AND PERMANENT INJUNCTION.
¶ 5. With this first issue, Arnold argues he is entitled to possession of a grandfather clock, that the chancellor erred in not holding Johnnie in contempt for failure to turn over the marital home in a reasonable state of repair and cleanliness, and that Johnnie failed to equally share all family photographs and mementos, as was ordered in the property settlement. Arnold filed a motion to hold Johnnie in willful contempt of court for violations of the settlement agreement listed above.[1] The chancellor dismissed the motion and imposed attorney's fees against Arnold. Arnold now appeals the chancellor's refusal to grant his motion for contempt, stating he had made out a prima facie case on each count of the citation for contempt and that the chancellor was manifestly wrong in dismissing his motion.
¶ 6. At the hearing on the motion for contempt, the chancellor only heard Arnold's testimony, opting not to hear testimony from Johnnie. From the transcript of the hearing on the motion for contempt, we see that the chancellor dismissed the claim with prejudice concerning the clock, stating the agreement failed to state particularly what items could and could not be taken and that the agreement did not allow Arnold to approve such list; the chancellor dismissed the claim with prejudice concerning the damage to the home, as Arnold failed to show particularly where, in the agreement, he was to be given notice of needed repairs to the house prior to Johnnie's residence there; and the chancellor dismissed without prejudice the claim regarding sharing of the photographs and sentimental items, admonishing Johnnie to give Arnold's attorney the videos to copy within fifteen days of the hearing. The chancellor reasoned that the videos in question were of Johnnie's grandchildren, and though not related to Arnold by birth, Arnold had helped raise the grandchildren as his own. The chancellor included these videos in the category of mementos and sentimental pieces that should be shared. For the reasons further described, the chancellor's decision was proper as the evidence presented substantially supports the chancellor's decision.
¶ 7. First, regarding Johnnie's taking the grandfather clock from the marital home, we look to the language of the settlement:
Wife shall have ownership and possession of such furniture, furnishings, and accessories from the former marital home ... which she will require to establish a home separate and apart from the Raymond home.... The Wife shall provide to the Husband, within 30 days following her execution of this agreement, an itemized list of those items she intends to take.
The chancellor found the above language to be general enough as to permit Johnnie's retaining possession of the grandfather clock, since she did specify the item in her list of household items to take. Further, the chancellor dismissed Arnold's contention that Arnold had authority to "approve" Johnnie's list, as such authority was not given to Arnold in the agreement.
¶ 8. Second, regarding Arnold's allegation that Johnnie failed to properly care for the marital home, we look to the language of the settlement, which language is similarly silent regarding allegations Arnold raises in his motion:
For a period of sixty (60) days after entry of the Final Judgment of Divorce herein, Wife shall have exclusive use and possession of the former marital home, subject to the Husband's reasonable right to begin preparing the exterior of the house for sale. Husband shall continue *822 to be liable for payment of reasonable electric, gas, and water expenses at the Raymond house, but he shall not be liable for telephone charges incurred at the Raymond house. Wife shall surrender the interior of the premises in a reasonable state of repair and cleanliness as when the Wife was restored to possession of the Raymond house pursuant to the temporary Order entered herein.
Once again Arnold tries to "add" additional requirements to the written provision, alleging Johnnie was required to give him notice as to what repairs needed to be done to the home. In defense, Johnnie claims the above provision regarding the marital home failed to specify the meaning of "reasonable state of repair and cleanliness." Johnnie also notes that she cannot be held to such an unwritten standard, since no pre-residence inspection was required and no provision was made in the agreement specifically enunciating a definition of "reasonable state of repair and cleanliness." Considering these loopholes and declining to construe the written provision beyond the words stated, we agree the chancellor properly dismissed this issue with prejudice.
¶ 9. Third, regarding sharing of family photographs and mementos, we again look to the language of the agreement.
The parties shall equally share all family photographs and other family or sentimental mementos located at the Raymond home and shall cooperate in allowing the other to obtain copies of photographs or other mementos in the possession of the respective parties.
The chancellor found that Johnnie's attempt to strictly construe this provision to encompass only "blood relatives" as family was unnecessary. The chancellor still dismissed the contempt charge on this issue, but did order Johnnie to turn over such videos for Arnold to copy.
¶ 10. As we stated above, we can find contempt only if Johnnie has willfully and deliberately ignored the order or the court. For the foregoing reasons, the decision of the chancellor is affirmed regarding the motion for contempt as Johnnie did not willfully or deliberately ignore the order of the settlement.

II. WHETHER THE CHANCELLOR ERRED BY AWARDING ATTORNEY'S FEES TO JOHNNIE
McMILLIN, C.J., for the Court as to Issue II:
¶ 11. The chancellor in this proceeding awarded attorney's fees to Mrs. Young in the amount of $1,196.10. While there is case law for the proposition that attorney's fees may be awarded in conjunction with the successful prosecution of a contempt action, Varner v. Varner, 666 So.2d 493, 498 (Miss.1995), there is no similar rule permitting the award of fees to a litigant merely for successfully defending a contempt action.
¶ 12. A litigant must show something more than the fact that she prevailed in order to recover attorney's fees in most forms of litigation. Mississippi Rule of Civil Procedure 11 contemplates the award of fees in instances involving frivolous or bad-faith litigation, as does the Litigation Accountability Act of 1988, Section 11-55-5 of the Mississippi Code Annotated (Supp. 1999). A person wrongfully enjoined and thus prevented even temporarily from pursuing some lawful pursuit may, as a component of being made whole, recover the costs of fighting the injunction. M.R.C.P. 65 (2000). See also Cox v. Trustmark Nat'l Bank, 733 So.2d 353 (¶ 9) (Miss.Ct. App.1999) ("The wrongful acquisition of a preliminary injunction permits the enjoined party to recover damages and attorneys' fees."). Additionally, parties may by contract make attorney's fees an item of recoverable damages. Grisham v. Hinton, 490 So.2d 1201, 1206 (Miss.1986) ("Of course, parties may by contract provide that in the event of dispute, the losing party must pay the winner attorney's fees."). See also Christiansen v. Griffin, 398 So.2d 213, 216 (Miss.1981).
*823 ¶ 13. None of those possibilities has any application in this case. Mrs. Young alleged that Mr. Young's claims were frivolous; however, the chancellor made no such determination and we do not conclude that such a finding would be warranted on the evidence. As to his claim relating to family videotapes, Mr. Young actually prevailed in the litigation. Mr. Young's claim for damages to the homeplace occurring during Mrs. Young's occupancy was supported by competent evidence. The chancellor's decision to deny relief on that score was not accompanied by any findings of fact; however, no matter what the basis might have been, it cannot be reasonably argued that the claim was entirely frivolous.
¶ 14. Thus, we conclude that there was no proper basis to award attorney's fees to Mrs. Young and, as to that issue, we reverse and render the chancellor's decision.
¶ 15. THE JUDGMENT OF HINDS COUNTY IS AFFIRMED AS TO ISSUE I AND REVERSED AND RENDERED AS TO ISSUE II. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY BETWEEN THE APPELLANT AND APPELLEE.
AS TO ISSUE I: McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, AND THOMAS, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.
AS TO ISSUE II: McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, IRVING, LEE, MOORE, AND THOMAS, JJ., CONCUR. KING, P.J., AND PAYNE J., DISSENTS WITHOUT WRITTEN OPINION. MYERS, J., NOT PARTICIPATING.
NOTES
[1] We note that pursuant to M.R.C.P. 81(d)(3) and the comment to this rule, the proper format would be for Arnold to file a "petition" or "complaint" to cite for contempt rather than a "motion" citing the same.